ORIGINAL

FILED
MAR 2 6 2004
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

DOCKET # 04 - 485T

JUDGE ____________

TIMOTHY W. HOLT, Plaintiff

vs

UNITED STATES, Defendant

---

## COMPLAINT FOR REFUND OF DIVISIBLE TAXES WITH MOTION FOR AN AUTOMATIC STAY

### JURISDICTION

I.

The court's jurisdiction is founded on Title 28 U.S.C. § 1346(a)(1) as hereinafter appears.

II.

The statutory authority for the suit is Title 26 U.S.C. § 6331(i) as the refund claim includes divisible taxes.

### VENUE

III.

The venue of the proceeding is founded on United States law Title 28 U.S.C. § 1391(a)(3).

### PARTIES

IV.

The plaintiff is a United States citizen and taxpayer.

V.

The attorney in fact is a non immigrant alien to the United States acting as a fiduciary and personal representative for the taxpayer herein shown.

VI.

The defendant is the government called the United States acting under authority of the Internal Revenue Code and through the Internal Revenue Service Centers to collect taxes.

### STATEMENT OF CLAIM

VII.

The plaintiff is claiming insufficiency of process by the Internal Revenue Code to protect the property rights of a taxpayer.

#1

VIII.

The underlying tax claim is that the Internal Revenue Code does not tax property acquired by the right of accession and the intent of the code is to tax profit.

IX.

The United States deprives the plaintiff of this property by not staying collection actions during the pendency of this claim.

X.

The refund claim is going to be made by the taxpayer on government forms and litigating a stay of collection actions herein.

XI.

The refund claim will include, without limit by enumeration, divisible taxes.

XII.

The underlying tort claim is that the United States is taking property under authority of Title 26 without due process as protected by the 5th Amendment of the Constitution.

DEMAND FOR JUDGMENT

XIII.

The plaintiff is demanding a stay of Internal Revenue Service collection actions pending the exhaustion of his administrative and litigation remedies of a refund or credit claim.

XIV.

The plaintiff will demand other relief when cognizable.

PLEADING SPECIAL MATTERS

XV.

The plaintiff hereby adopts the attached Affidavits Of Special Matters by reference herein in support of this complaint and motion.

Wherefore the plaintiff moves for an automatic stay of Internal Revenue Service collection activities during the pendency of the refund claim.

Executed on this 25th day of March, 2004.

Timothy Holt

By ____________________

Richard Fuselier, his Attorney In Fact
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

UNITED STATES COURT OF FEDERAL CLAIMS

DOCKET # ______________

JUDGE _________________

TIMOTHY W. HOLT, Plaintiff

vs

UNITED STATES, Defendant

---

STATEMENT OF FACTS

FACT I.

The plaintiff is claiming insufficiency of process in refund and credit proceedings filed under authority of the Internal Revenue Code.

FACT II.

The administrative record of the tort proceedings filed and to be filed with the Commissioner of Internal Revenue establishes or will establish evidence to resolve all issues of facts.

EVIDENCE

The administrative records of the Commissioner of Internal Revenue in Affidavit of Special Matters #1 are adopted herein in support.

Executed on this 25th day of March, 2004.

Timothy W. Holt

By ____________________

Richard Fuselier, his Attorney In Fact
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

AFFIDAVIT OF SPECIAL MATTERS # 1

I, Richard Fuselier, hereby aver that I have personal knowledge that the following facts are true:

1) For that an administrative tort proceeding has been filed with the Commissioner of the Internal Revenue Service; and further,

2) For that the said tort claim was filed on or about March 17, 2004; and further,

3) For that the tort is for $250,000.00; and further,

4) For that the money is to be paid as follows:

Timothy W. Holt, Claimant and
Richard Fuselier, Attorney In Fact
304 La Rue France, Suite 102
Lafayette, La. 70508
S.S. # 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; and further,

5) For that Richard Fuselier is the personal representative for Timothy W. Holt; and further,

6) For that the intent is to join the claim for the tort herein when cognizable; and further,

7) For that the claim for relief is that the United States is taking property without due process of law as founded on and protected by Amendment V to the Constitution; and further,

8) For that RCFC 18 authorizes the joinder of the claims for torts to the refund claim proceeding; and further,

9) For that the authority for the suits for torts is Title 26 C.F.R. § 601.205; and further,

10) For that the jurisdiction for the claim for a tort founded upon the Constitution is Title 28 U.S.C. § 1491(a)(1); and further,

11) For that the plaintiff has ownership of the tort claim based on the condition precedent that a refund proceeding can be prosecuted to a conclusion; and further,

12) For that the effect of this tort is that the plaintiff is being denied the fruit of the plaintiff's labor; and further,

13) For that the plaintiff is also being denied, including without limitation by enumeration, divisible taxes; and further,

14) For that the plaintiff is being denied the Constitutional right to due process for the taking of property as founded in said Amendment V; and further,

15) For that a Form 26, Notice Concerning Fiduciary Relationship, has been filed therein in support of a claim of attorney in fact for the purpose of litigating a refund or credit claim; and further,

16) For that the evidence of said facts are in the collateral administrative tort claim.

I further declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of March, 2004.

By____________________

Richard Fuselier, Attorney In Fact for
Timothly W. Holt
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

AFFIDAVIT OF SPECIAL MATTERS # 2

I, Richard Fuselier, hereby aver that I have personal knowledge that the following facts are true:

1) For that an Internal Revenue Service collection proceeding exists; and further,

2) For that a levy exists in the said collection action; and further,

3) For that the collection action is for the tax year 1999 for the taxpayer

Timothly W. Holt
P.O. Box 18094
Raytown, MO 64133
SS# 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; and further,

4) For that an amended claim will be made on a United States Income Tax Return, Form 1040 for a refund including divisible taxes, which return will be filed after filing for the automatic stay; and further,

5) For that the underlying claim is a deduction without a time limit which results in no tax liability; and further,

6) For that the due process for the first claim is a mandatory deduction founded upon Title 26 U.S.C. § 212 or Title 26 U.S.C. § 6402(k); and further,

7) For that due process for said claim is a mandatory deduction or an explanation for reason for its disallowance within a six (6) month period of filing; and further,

8) For that the plaintiff is denied said due process by ongoing collection actions authorized by United States law; and further,

9) For that the said denial results in loss of the fruit of the plaintiff's labor; and further,

10) For that the existing determination for said tax liability will be excessive due to said refund claim; and further,

11) For that the plaintiff has ownership of the claim based on the loss of property, including without limitation by enumeration, divisible taxes; and further,

12) For that the due process being denied is a stay pending final determination on the refund proceedings; and further,

13) For that the underlying tort claim is for taking of this said property without said due process as a violation of the plaintiff's Fifth Amendment right as founded in the Constitution; and further,

14) For that an administrative tort proceeding has been filed with the Commissioner of Internal Revenue for $250,000.00; and further,

15) For that the additional effect of this claim is that a tort proceeding will be filed in the Common Law Court of the United States of America; and further,

16) For that the plaintiff intends to use foreign law to supplement the tort proceeding and this is notice required by RCFC Rule 44.1; and further,

17) For that the jurisdiction of the United States Court of Federal Claims is being invoked to stay the Internal Revenue Service collection process during the pendency of the refund claim; and further,

18) For that the evidence of said facts are the collateral administrative tort claim.

I further declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of March, 2004.

By

Richard Fuselier, Attorney In Fact
For Timothy W. Holt
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

AFFIDAVIT OF SPECIAL MATTERS # 3

I, Richard Fuselier, hereby aver that I have personal knowledge that the following facts are true:

1) For that a collection proceeding exists with the State of Missouri; and further,

2) For that the state is an agent of the United States; and further,

3) For that the state is acting under authority of the Internal Revenue Code; and further,

4) For that a levy exists in the said collection action; and further,

5) For that the claim is for the tax year 1999 for the taxpayer Timothy W. Holt; and further,

6) For that an amended claim will be made on a State of Missouri Tax Return for a refund including divisible taxes, which return will be filed after litigating the federal claim; and further,

7) For that the underlying claim is a deduction without a time limit which results in no tax liability; and further,

8) For that the due process for the first claim is a mandatory deduction founded upon Title 26 U.S.C. § 212 or Title 26 U.S.C. § 6402(k); and further,

9) For that due process for said claim is a mandatory deduction or an explanation for reason for its disallowance within a six (6) month period of filing; and further;

10) For that the plaintiff is denied said due process by ongoing collection actions authorized by United States law; and further,

11) For that the said denial results in loss of the fruit of the plaintiff's labor; and further,

12) For that the existing determination for said tax liability will be excessive due to said refund claim; and further,

13) For that the plaintiff has ownership of the claim based on the loss of property, including without limitation by enumeration, divisible taxes; and further,

14) For that the due process being denied is a stay pending final determination on the mandatory deduction; and further,

15) For that the underlying tort claim is for taking of this said property without said due process as a violation of the plaintiff's Fifth Amendment right as founded in the Constitution; and further,

16) For that an administrative tort proceeding has been filed with the Commissioner of Internal Revenue; and further,

17) For that the additional effect of this claim is that a tort proceeding has been filed in the Common Law Court of the United States of America; and further,

18) For that the plaintiff intends to use foreign law to supplement the tort proceeding and this is notice required by RCFC Rule 44.1; and further,

19) For that the jurisdiction of the United States Court of Federal Claims is being invoked to stay the Internal Revenue Service collection process during the pendency of the credit claim; and further,

20) For that the evidence of said facts are the collateral administrative tort claim.

I further declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of March, 2004.

By

Richard Fuselier, Attorney In Fact
For Timothy W. Holt
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

UNITED STATES COURT OF FEDERAL CLAIMS

DOCKET #: ____________

JUDGE:____________________

TIMOTHY W. HOLT, Plaintiff

vs

UNITED STATES, Defendant

---

MOTION FOR AUTOMATIC STAY
OF COLLECTION PROCEEDINGS

The authority for this motion is RCFC 62(a) and Title 26 U.S.C. §§ 6331(i)(4)(B) as the refund includes divisible taxes. In support the court is shown the following:

The proceedings to be stayed are collateral collection actions by the United States acting under authority of the Internal Revenue Code. Said collection actions are identified in the Affidavits of Collateral Proceedings. The collection actions started prior to administrative claims filed for credits. The brief hereto attached is adopted herein by reference in support.

Wherefore the plaintiff moves for an automatic stay to issue against the United States to halt the collection actions during the pendency of the refund proceeding.

Executed on this 25th day of March, 2004.

Timothy W. Holt

By________________________

Richard Fuselier, his Attorney In Fact
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096

UNITED STATES COURT OF FEDERAL CLAIMS

DOCKET #: _________________

JUDGE:_________________________

TIMOTHY W. HOLT, Plaintiff

vs

UNITED STATES, Defendant

---

BRIEF IN SUPPORT OF AUTOMATIC STAY

The issue before the court is a proceeding for a refund of divisible taxes. The authority for the refund proceeding is Title 26 U.S.C. § 3661(i). Title 26 U.S.C. § 3661(i)(4)(B) authorizes the court to grant the following relief:

> "Nothwithstanding section 7421(a), a levy or collection proceeding prohibited by this subsection may be enjoined by the court in which the proceeding under paragraph (1) is brought."

Paragraph one states:

> "No levy may be made under subsection(a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person...for recovery of any portion of such divisible tax..."

Section 7421(a) refers to the anti-injunction statute. This statute not an issue herein as Title 26 U.S.C. § 7431 makes an exception for section 6331(i):

> "Except as provided in sections.......6331(i)..."

The plaintiff further claims that a final determination of the issues within the refund proceeding will be res judicata on the claims made within the ongoing collection actions.

The evidence to support these claims will be the refund claim joined with the administrative tort proceeding filed with the Commissioner of Internal Revenue.

Wherefore the plaintiff moves for an automatic stay to issue against the United States to halt the collection actions during the pendency of the refund proceeding.

Executed on this 25th day of March, 2004.

Timothy W. Holt

By ______________________

Richard Fuselier, his Attorney In Fact
304 La Rue France, Suite 102
Lafayette, La. 70508
Telephone 337 857-9092
Fax 337 857-9096