ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-485T
(Judge Susan G. Braden)

FILED
APR 15 2004
U.S. COURT OF FEDERAL CLAIMS

TIMOTHY W. HOLT,

Plaintiff

v.

THE UNITED STATES,

Defendant

NOTICE OF RELATED CASES AND MOTION TO CONSOLIDATE, AND MOTION TO STRIKE THE COMPLAINT

Notice of Indirectly-Related Cases and Motion to Consolidate

Defendant hereby gives notice to the Court, pursuant to RCFC 40.2(b), that this case--filed by Richard Fuselier purporting to act as an attorney for his customer who is named as the plaintiff--is related to the following four additional pending cases also filed by Mr. Fuselier purporting to act as an attorney for others of his customers, who are named as the plaintiffs in these cases[1]:

[1]This case is also related to ten cases that have been dismissed in the past six months: Mr. Fuselier filed the following three cases, naming himself as plaintiff but seeking tax refunds of his customers: *Fuselier v. United States*, Fed. Cl. No. 03-1750T (dismissed by order of



JUP
5

*Barnwell v. United States*, Fed. Cl. No. 04-555T (Judge Charles F. Lettow);
*Martinez v. United States*, Fed. Cl. No. 04-576T (Judge Bohdan A. Futey);
*Looney v. United States*, Fed. Cl. No. 04-605T (Judge Robert H. Hodges);
*Vories v. United States*, Fed. Cl. No. 04-606T (Judge Christine O.C. Miller).

The instant case and those four cases are indirectly related, in that all five cases present the issue whether Mr. Fuselier, a non-attorney, may represent his customers in litigation in the Court of Federal Claims, and all five complaints present identically worded allegations and requests for relief. The cases should be consolidated (or otherwise assigned to the same judge), for purposes of judicial economy and the convenience of the parties. To do otherwise would result in unnecessary complication and duplication of effort. In the *Looney* case, Judge

---

November 18, 2003, per Senior Judge Bruggink); *Fuselier v. United States*, Fed. Cl. No. 03-1988T (dismissed by order of November 21, 2003, per Senior Judge Bruggink, pursuant to RCFC 41(a)(1)); *Fuselier v. United States*, Fed. Cl. No. 04-0008T (dismissed by order of February 11, 2004, per Judge Allegra). In Fed. Cl. No. 03-1988T, Mr. Fuselier's customer was none other than Timothy W. Holt, the supposed plaintiff in this suit, and the claim attempted to be put at issue there, and then voluntarily dismissed--Mr. Holt's income tax refund claim for 1999--is among the jumble of claims mentioned in the instant complaint (*see* "Affidavit of Special Matters #3", ¶ 5). In addition, Mr. Fuselier's business associate, Richard Ortt, filed the following seven cases, naming himself as plaintiff but seeking tax refunds of his customers: *Ortt v. United States*, Fed. Cl. No. 03-1625 T (dismissed by order of August 1, 2003, per Judge Block); *Ortt v. United States,* Fed.Cl. No. 03-1755 T (dismissed by order of September 26, 2003, per Judge Baskir); *Ortt v. United States*, Fed. Cl. No. 03-1759 T (dismissed by order of September 26, 2003, per Judge Baskir); *Ortt v. United States*, Fed. Cl. No. 03-1818 T (dismissed by order of November 24, 2003, per Senior Judge Margolis, pursuant to RCFC 41(a)(1); *Ortt v. United States*, Fed. Cl. No. 03-1868 T (dismissed by order of August 7, 2003, per Senior Judge Merow); *Ortt v. United States*, Fed. Cl. No. 03-1945 T (dismissed by order of August 20, 2003, per Senior Judge Merow); *Ortt v. United States*, Fed. Cl. No. 03-2514 T (dismissed by order of February 3, 2004, per Judge Lettow, pursuant to RCFC 41(a)(1).

Hodges issued an order on April 14, 2004 (copy attached as Exhibit A), dismissing various claims and ordering plaintiff to file an amended return.

Motion to Strike

Pursuant to RCFC 11(a), defendant, the United States of America, by its attorneys, respectfully moves the Court to strike the complaint (filed March 26, 2004), on the grounds that it has not been signed by an attorney or a party. In three prior instances, Mr. Fuselier has filed suits in this court--all since then dismissed--in which he named himself as the purported plaintiff but attempted therein, without success, to press the claims of his customers. (*See* footnote 1, *supra*.) He now makes another try, with complaints that name not himself but the customer as the supposed plaintiffs. The new instant complaint does not purport to be signed by the supposed plaintiff Timothy W. Holt, but instead "By Richard Fuselier, his Attorney in Fact". Mr. Fuselier thus is careful not to present himself as if he were an attorney *at law,* admitted to practice in this Court. He claims instead to be an "attorney in fact ... acting as a fiduciary and personal representative for the taxpayer herein shown." (Compl. ¶ V.) However, Rule 11(a) requires:

> Every pleading ... shall be signed by or for the attorney of record in the signing attorney's own individual name, or, if the party is not represented by an attorney, shall be signed by the party.... An unsigned paper shall be stricken unless the omission is corrected promptly after being called to the attention of the attorney or party.

RCFC 83.1(a) provides,"Only attorneys who are members of the bar of this court" are allowed to "enter an appearance, file pleadings, and practice in this court". (RCFC 83.1(b) provides that, before one may be admitted to practice before this Court, one must be admitted to practice before the Supreme Court, or the Federal Circuit, or the highest court of a state, a territory, or the District of Columbia.) After consultation with the Office of the Clerk of Court, we understand that Mr. Fuselier is not admitted to practice before this Court.

Consequently, the complaint in this case was signed neither by the named plaintiff nor by an attorney admitted to practice in this Court. The complaint is therefore an "unsigned paper", for purposes of RCFC 11(a), and "shall be stricken".

WHEREFORE, defendant prays that this case be consolidated with the related cases, and that the complaint be stricken.

Respectfully submitted,

April 15, 2004

David Gustafson
DAVID GUSTAFSON
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6511

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section

# In the United States Court of Federal Claims

FILED
APR 14 2004
U.S. COURT OF FEDERAL CLAIMS

* * * * * * *

CHARLES LOONEY, *

Plaintiff, * No. 04-605T

v. * Filed: April 14, 2004

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

Plaintiff's complaint does not state a claim that puts the court or defendant on notice concerning his cause of action. This court does not have jurisdiction over tort claims in the circumstances presented. Those claims are dismissed. This court does not have jurisdiction over Constitutional due process claims in these circumstances. Those claims are dismissed. We have jurisdiction over takings claims, but plaintiff does not state the property interest that he alleges to have been taken. We do not have jurisdiction over actions by the State of Florida or any other state in these circumstances.

Plaintiff will file an amended complaint within 20 days, stating the nature of his claim clearly and concisely. If plaintiff does not file an amended complaint by the close of business on May 3, the Clerk will dismiss this complaint without further direction from the court.

Robert H. Hodges, Jr.
Judge

GOVERNMENT EXHIBIT
A

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 15th day of April 2004, been made by mailing a copy thereof, in a postage prepaid envelope, to the following:

Mr. Richard Fuselier
304 La Rue France, Suite 102
Lafayette, Louisiana 70508

Rebecca Haas

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440