ORIGINAL

# In the United States Court of Federal Claims

No. 04-485T
Filed: May 20, 2004
**Not For Publication**

FILED
MAY 2 0 2004
U.S. COURT OF FEDERAL CLAIMS

**************************************
TIMOTHY W. HOLT, *
Plaintiff, *
v. *
THE UNITED STATES, *
Defendant. *
**************************************

## MEMORANDUM OPINION AND ORDER

**BRADEN, *Judge***

This case presents the issue of whether a non-attorney may represent clients in the tax refund cases filed before the United States Court of Federal Claims claiming status as an "attorney-in-fact."[1] The Rules of the United States Court of Federal Claims permit pleadings to be filed only if signed by a party acting *pro se* or by an attorney of record admitted to the bar of this court. *See* RCFC 11(a) ("an unsigned paper shall be stricken unless the omission is corrected promptly after being called to the attention of the attorney or party"). For this reason, the Complaint should be dismissed.

In addition, Counts VI-X of the April 19, 2004 Complaint do not state a claim over which the United States Court of Federal Claims has jurisdiction. *See* RCFC 12(b)(1).

---

[1] This case is related to *Fuselier* v. *United States,* Fed. Cl. Nos. 03-1750T, 03-1988T, 04-0008T, all of which have been dismissed because Mr. Fuselier, a non-attorney, named himself as plaintiff, but sought refunds for his customers. In addition, other cases, captioned *Ortt* v. *United States*, Fed. Cl. Nos. 03-1625T, 03-1755T, 03-1759T, 03-1818T, 03-1868T, 03-1945T, 03-2514T, also have been dismissed because Mr. Fuselier's business associate, Mr. Ortt, filed cases naming himself as plaintiff. In addition, to date, Mr. Fuselier also has filed at least four other cases under the names of plaintiffs whom he seeks to represent as an "attorney-in-fact." *See Barnwell* v. *United States*, Fed. Cl. No. 04-555T (pending), *Martinez* v. *United States*, Fed. Cl. No. 04-576T (dismissed without prejudice on April 19, 2004), *Looney* v. *United States*, Fed. Cl. No. 04-605 (dismissed for failure to state a claim on May 4, 2004), and *Vories* v. *United States*, Fed. Cl. No. 04-606T (complaint stricken from record on April 28, 2004 due to failure of attorney appearance).

7

Count XI appears to state a claim for a tax refund, but does not allege specific facts to satisfy RCFC 12(b)(6).

To the extent that Count XII alleges a tort claim, the United States Court of Federal Claims has no jurisdiction. *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 1491 (a)(1); *see also Shearin* v. *United States*, 992 F.2d 1195, 1197 (Fed. Cir 1993). To the extent Count XII alleges a violation of the Due Process Clause of the Fifth Amendment of the United States Constitution, the court also does not have jurisdiction. *See Mung* v. *United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987). Although the court has jurisdiction over a claim arising from a violation of the Just Compensation Clause of the United States Constitution, Count XII fails to identify the property interest allegedly taken. *See Palmer* v. *United* States, 168 F.3d 1310, 1312-13 (Fed. Cir. 1999); *see also Skip Kirchdorfer, Inc.* v. *United States*, 6 F.3d 1573, 1582 (Fed. Cir. 1993). For these additional reasons, the April 13, 2004 Complaint should be dismissed.

In the interest of justice, however, the court will allow the plaintiff to file an amended complaint by June 30, 2004 that states the nature of any claim clearly and concisely and that is signed by the plaintiff in fact, as a *pro se*, or by an attorney of record. If an amended complaint is not filed meeting these requirements by the close of business on that date, the court will dismiss the complaint with prejudice.

The Clerk of Court will enter an order consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge